Filed 3/19/2018 10:58 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Deborah Mottershaw
Deputy

CAUSE NO. 18-0280

| | | |
|---|---|---|
| JASON LANGLEY | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| H.W. PIRKEY POWER PLANT, | § | |
| AMERICAN ELECTRIC POWER COMPANY, INC., | § | 71st JUDICIAL DISTRICT |
| AEP TEXAS, INC., *and* | § | |
| SOUTHWESTERN ELECTRIC POWER COMPANY. | § | |
| *Defendants.* | § | HARRISON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND REQUEST FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Jason Langley, complaining herein of the above-listed defendants, and, for cause of action, states:

I.

**RULE 47 STATEMENT AND DISCOVERY PLAN**

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, as detailed below. Therefore, Discovery shall be conducted under Level 2, Rule 190.3.

Page 1 of 16

TRUE AND CORRECT COPY

## II.

## PARTIES

Plaintiff Jason Langley is a resident of Gilmer, Upshur County Texas. Plaintiff's identifying information is: Texas Driver's License Number: \*\*\*-\*\*-713.

**DEFENDANT H.W. PIRKEY POWER PLANT**, is a for-profit business doing business in Texas and operating under the assumed trade name "H.W. PIRKEY POWER PLANT". Said Defendant is located at 2400 F.M. Rd. 3251, Hallsville, TX 75650. Under Tex. R. Civ. P. 28, this Defendant may be sued under its assumed name, and may be served with process by serving its manager, Drew Seidel, at the H.W. Pirkey Power Plant's usual place of business: 2400 F.M. Rd. 3251, Hallsville, TX 75650 or wherever he may be found.

**DEFENDANT AMERICAN ELECTRIC POWER COMPANY, INC.**, (a/k/a "AEP".), is a for-profit business doing business in Texas and operating under the assumed trade name "American Electric Power" and/or "AEP". This Defendant is a foreign corporation organized and existing under the laws of New York. According to their website, said Defendant's principal office is located at 1 Riverside Plaza, Columbus, Ohio 43215-2373. Said Defendant may be served with process by serving its president, Nick Akins, at 1 Riverside Plaza, Columbus, Ohio 43215-2373, or wherever he may be found.

**DEFENDANT AEP TEXAS, INC.**, (a/k/a "AEP".), is a for-profit business doing business in Texas and operating under the assumed trade name "American Electric

TRUE AND CORRECT COPY

Power" and/or "AEP". This Defendant is a foreign corporation organized and existing under the laws of Delaware. This Defendant's principal office is located at 539 N Carancahua St, Corpus Christi, TX 78401, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, C T Corporation System, at 1999 Bryan St. Ste 900, Dallas, Texas 75201.

**DEFENDANT SOUTHWESTERN ELECTRIC POWER COMPANY,** (a/k/a "AEP SWEPCO" or "SWEPCO".), is a for-profit business doing business in Texas and operating under the assumed trade name "AEP SWEPCO" or "SWEPCO". This Defendant is a foreign corporation organized and existing under the laws of Delaware.

This Defendant's principal office is located in Columbus, Ohio, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, C T Corporation System, at 1999 Bryan St. Ste 900, Dallas, Texas 75201.

All of the above-named Defendants are jointly and severally liable to the Plaintiff and are hereinafter collectively referred to as "the AEP Defendants".

### III.

### JURISDICTION AND VENUE

Jurisdiction is proper in that the amount in controversy greatly exceeds the minimum jurisdictional requirements of this Court.

Pursuant to Section 15.001 et seq. of the Texas Civil Practice and Remedies Code, venue is proper in Harrison County because that is where the incident occurred.

TRUE AND CORRECT COPY

## IV.

## FACTUAL BACKGROUND

On or about June 17, 2016, Plaintiff Jason Langley was working / performing maintenance at the AEP Defendant's H.W. Pirkey Power Plant. Plaintiff Langley was an "Invitee". While Plaintiff was working at said facility, he encountered a spill on the floor, which was a dangerous condition. Said dangerous condition ultimately caused Plaintiff to fall, causing him debilitating injuries and damages.

Upon information and belief, Defendant's employees had actual and constructive knowledge of the substance on the floor. Defendant failed to warn Plaintiff of, or make safe the dangerous conditions that existed on its premises.

## V.

## CAUSES OF ACTION

### A. Premises Liability

At the time and on the occasion in question, the Plaintiff was a "business invitee" to whom Defendants owed a duty to exercise ordinary care, including the duty to discover any unreasonably dangerous conditions existing on the premises, the duty to warn Plaintiff of the existence of such dangerous conditions, and/or the duty to make the premises safe for use by Plaintiff.

At the time in question, Defendants either knew, or in the exercise of ordinary care should have known, that the spilled liquid posed an unreasonable danger to any individual who was in the area.

Page 4 of 16

TRUE AND CORRECT COPY

### B. Negligence / Negligence Per Se

On the occasion in question, and at all times prior and attendant thereto, the AEP Defendants' conduct, and that of its agents, servants, and employees, who were at all times acting in the course and scope of their employment, constituted a breach of the duty of ordinary care owed by the Defendant to the Plaintiff.

The AEP Defendants were guilty of negligence toward Plaintiff in the following respects:

A) The AEP Defendants failed to properly repair, maintain, and adjust their equipment, even after being aware that the same was causing a dangerous condition on its premises;

B) The AEP Defendants failed to supervise its employees and/or agents who attempted to repair, maintain, and adjust their equipment, even after being aware that the same was causing a dangerous condition on its premises;

B) The AEP Defendants failed to utilize anti-slip mats / rugs in and around the work areas, despite the knowledge that said areas are prone to be wet and dangerous to its invitees;

C) The AEP Defendants failed to properly warn its invitees of a dangerous condition on its premises;

D) The AEP Defendants failed to provide premises free of recognized and reasonably foreseeable hazards likely to result in death or severe injury to persons using its facilities;

E) The AEP Defendants failed to establish and/or failed to properly implement the basic elements of premises safety programming; and

F) The AEP Defendants failed to inspect the premises in order to discover the previously-described dangerous condition, despite the fact that Defendant knew that Plaintiff and other invitees would likely unknowingly travel over said dangerous condition.

TRUE AND CORRECT COPY

## VI.

## DAMAGES FOR JASON LANGLEY

As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff suffered the following damages all in the minimum jurisdictional limits of the court:

a. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

b. Future medical expenses in excess of the minimum jurisdictional limits of the Court;

c. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;

d. Past and future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court;

e. Lost earning capacity.

## VII.

## JURY DEMAND

Pursuant to Rule 216, Texas Rules of Civil Procedure, Plaintiff requests a trial by jury as to all issues of fact presented herein.

TRUE AND CORRECT COPY

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendants be cited to appear and answer herein, that upon final hearing of this cause, Plaintiff has judgment against the Defendants with interest from the date of injury and costs of Court and for such other relief to which Plaintiff is justly entitled.

Respectfully Submitted,

*/s/ Matthew B. Flanery*
MATTHEW B. FLANERY *Lead Attorney*
State Bar No. 24012632
DARREN GRANT
State Bar No. 24012723
GRANT & FLANERY, P.C.
216 W. Erwin, Suite 200
Tyler, Texas 75702
Matt@GFTexas.com
(903) 596-8080 (Telephone)
(903) 596-8086 (Facsimile)

ATTORNEYS FOR THE PLAINTIFF

TRUE AND CORRECT COPY